UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAID FARIA,

    Plaintiff,

vs.

HOME DEPOT U.S.A. INC.,

    Defendant.

_____/

**NOTICE OF REMOVAL BY DEFENDANT, HOME DEPOT U.S.A., INC.**

The Defendant, HOME DEPOT U.S.A., INC., by and through its undersigned counsel, hereby files this Notice of Removal of Cause pursuant to 28 U.S.C. §1441, *et seq.*, and 28 U.S.C. §1332, to remove to the United States District Court, Middle District of Florida, Tampa Division (the "Federal Court"), that cause of action presently pending in the Circuit Court of the 13th Judicial Circuit, in and for Hillsborough County, Florida (the "State Court"), Case No. 21-CA-4353, and styled *RAID FARIA, v. HOME DEPOT U.S.A. INC*, (*see* Plaintiff's Complaint; attached hereto as **Exhibit "A"**), and in support of this Notice of Removal of Cause, Defendant states as follows:

    A. **Complete Diversity of Citizenship Exists**

Plaintiff, Raid Faria, at the time of the alleged incident giving rise to this matter, and at all subsequent times material hereto, was and is a Florida resident. (*See* Compl. ¶ 2). Moreover, all of the records provided to us by Plaintiff reflect the following as Plaintiff's permanent residence: 8410 Caladesi Island Drive in Temple Terrace, Florida—this residence is located within the Middle District of Florida. (*See* Various records produced by Plaintiff from June 5, 2020 to January 21, 2021; attached hereto as **Composite Exhibit "B"**). Defendant knows of no other addresses for Plaintiff, including no other

residences in the state of Georgia or the state of Delaware, where, as averred below, the Defendant would be deemed a citizen.[1]

Defendant, Home Depot U.S.A., Inc., is a foreign corporation organized under the laws of the state of Delaware and which has its principal place of business in the state of Georgia at 2455 Paces Ferry Road, Atlanta, Georgia 30339. (*See* Defendant's Annual Reports; attached hereto as **Composite Exhibit "C"**). Defendant, Home Depot U.S.A., Inc., is not organized under the laws of the state of Florida, and does not have its principal place of business in the state of Florida. Therefore, Defendant is not a citizen of the State of Florida.

This Notice of Removal of Cause is founded upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, and complete diversity of citizenship exists between the Plaintiff and the Defendant.

### B. The Amount in Controversy Requirement is Satisfied

Pursuant to 28 U.S.C. §1332(a), the amount in controversy in this case exceeds the required $75,000 jurisdictional threshold. As the party seeking removal, "Defendant bears the burden of establishing jurisdiction." *Houston v. Garrison Prop. & Cas. Ins. Co.*, No. 8:14-CV-01944-EAK, 2014 WL 6469608, at *2 (M.D. Fla. Nov. 17, 2014); *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1207 (11th Cir. 2007). If specific amount of damages is not pled, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Houston*, 2014 WL 6469608, at *2 (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir.2001)).

Here, Plaintiff's Complaint against Defendant alleges damages in excess of the State Court's $30,000.00 jurisdictional threshold and asserts a premises liability/trip-and-fall negligence claim on behalf of Plaintiff. (*See* Compl. ¶ 1.) According to the Complaint, Plaintiff's claim originates from an alleged April 17, 2020 incident wherein he claims to have sustained "bodily injury and resulting pain and suffering,

---

[1] Based on the foregoing, it is clear to Defendant that Plaintiff's true, fixed and permanent home and principal establishment, and to which he had the intention of returning whenever he was absent therefrom, is and was located within the state of Florida. *See Mikesell v. FIA Card Services,* 936 F.Supp.2d 1327, 1330 (M.D. Fla. 2013).

disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, inconvenience, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." (*See* Compl. ¶¶ 8-11.)

In this regard, Plaintiff provided a pre-suit demand with medical bills totaling over $100,000. (*See* Plaintiff's Demand, dated February 12, 2021; attached hereto as **Exhibit "D."**). As alleged in the demand, Plaintiff's causally relates $190,277.50 in billed past medical expenses to the April 17, 2020 incident. (*See* **Exhibit "C."**). The included, and allegedly causally related bills/expenses are as follows:

- Creighton Health Care:              **$20,774.32**
- Tower Radiology/Blackfin Medical:[2]  **$6,075.00**
- Alliance Spine and Joint:           **$54,214.18**
- Physician Partners of America Anesthesia:  **$38,400.00**
- Armenia Surgery Center:             **$70,814.00**
                         **TOTAL:**   **$190,277.50**

As an aside, Plaintiff may argue that although he was billed over $190,000 for past medical treatment, his bills have been, or will be, paid by insurance.[3]  However, even if the Court finds this to be correct, Defendant asserts that it has still met its burden by a preponderance of the evidence an amount in controversy above the $75,000.00 jurisdictional threshold.

Furthermore, Plaintiff also claims to have suffered lost wages amounting to $12,240.00 as of February 2021. (*See* **Exhibit "D."**). In total, Plaintiff claims to have incurred **$202,517.50** in past medical expenses and lost wages, recovery of which is sought in the instant lawsuit, alone, exceeds and satisfies the Federal Court's $75,000.00 jurisdictional threshold required under 28 U.S.C. §1332(a).

---

[2] The medical bill produced indicates that Plaintiff's total charges amount to $8,300.00.

[3] With regard to any argument that the jurisdictional amount in controversy is not met because of third-party payments, Defendant notes that "subject matter jurisdiction is not defeated simply because the parties might anticipate a future **reduction** in recoverable damages." *Stramiello v. Petsmart, Inc.,* No. 8:10-cv-659-T-33TGW, 2010 WL 2136550 (M.D. Fla. May 26, 2010);  *see also Henry v. K-Mart Corp.,* 2010 WL 5113558 (M.D. Fla. Dec. 9, 2010) (agreeing with *Stramiello* that collateral source setoffs are not relevant to calculating jurisdiction amount at time of **removal**). "That Florida law might require a set-off at final judgment that reduces [Plaintiff's] final recovery to or below $75,000 does not affect the jurisdictional amount in controversy at the outset of litigation." *O'Toole v. Napa Home & Garden, Inc.*, No. 8:11-cv-2724-T-23AEP, 2012 WL 12904228 (M.D. Fla. June 26, 2012).

Case 8:21-cv-01540-KKM-TGW   Document 1   Filed 06/25/21   Page 4 of 5 PageID 4

**C. The Other Prerequisites and Requirements for Removal Have Been Satisfied**

Defendant has filed with the Clerk of the State Court a Notice that this Cause has been removed. There has been no waiver by this Defendant of any right to remove this cause to the Federal Court. Filed under a separate Notice of Filing and incorporated herein are copies of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

This Notice of Removal of Cause was timely filed within thirty (30) days of June 2, 2021, the date upon which the Defendant was served with the Complaint.[4] (*See* Notice of Service of Process, dated June 2, 2021; attached hereto as **Exhibit "E."**).

The undersigned counsel are attorneys of record for HOME DEPOT U.S.A., INC. and have been specifically authorized to act on behalf of the Defendant in seeking removal of this cause to the Federal Court.

WHEREFORE, Defendant, HOME DEPOT U.S.A., INC., hereby removes this cause from the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to the United States District Court, Middle District of Florida, Tampa Division, and requests that all further proceedings be conducted in this Court as provided by law.

RESPECTFULLY SUBMITTED this **25th day of June, 2021**.

By:   */s/ Meghan L. Theodore*
Anthony J. Petrillo
Florida Bar No.: 874469
Meghan L. Theodore
Florida Bar No.: 52054

---

[4] "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Florida E-Portal to**: Misty Morgan Vivanna, Esq.,** KEMP, RUGE & GREEN LAW GROUP, 11567 Trinity Boulevard, Trinity, FL 34655, **service@krglawgroup.com**, C*ounsel for Plaintiff;* on this **25th day of June, 2021**.

        **LUKS, SANTANIELLO, PETRILLO & COHEN**
        100 N Tampa Street, Suite 2120
        Tampa, FL 33602
        Tel: 813/226-0081; Fax: 813/226-0082
        *Counsel for Defendant, Home Depot U.S.A., Inc.,*
        Primary:  **LuksTpa-Pleadings@LS-Law.com**
        Secondary: **AJP@insurancedefense.net**
        Tertiary: **MTheodore@insurancedefense.net**

          */s/ Meghan L. Theodore*
        Anthony J. Petrillo
        Florida Bar No.: 874469
        Meghan L. Theodore
        Florida Bar No.: 52054