UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAID FARIA,

    Plaintiff,

v.                              Case No: 8:21-cv-1540-KKM-TGW

HOME DEPOT U.S.A., INC.,

    Defendant.
_____

## ORDER

    Defendant Home Depot U.S.A., Inc. moves for summary judgment on Plaintiff Raid Faria's claim arising from an alleged slip-and-fall. (Doc. 27.) Home Depot also moves to dismiss Faria's claims based on Faria's fraudulent conduct. (Doc. 28.) After Faria failed to timely respond to either motion, the Court directed Faria to show cause by filing a notice that explains why this case should not be dismissed under Local Rule 3.10. (Doc. 33.) Faria's response to the show cause order was due April 29, 2022. (*Id.*) As of today, he has not responded to either motion nor to the show cause order.

    In the absence of any opposition from Faria, Home Depot's summary judgment motion is due to be granted given the clear video evidence belying his negligence claim. In

the alternative, the Court concludes dismissal of Faria's claims is also warranted because Faria has failed to follow Court orders by not responding to the Court's show cause order.

This personal injury action arises out of an alleged incident that occurred outside a Home Depot on April 17, 2020. (Doc. 1-6.) Faria alleges that he fell as he was exiting Home Depot and sustained significant injuries. (*Id.*) Specifically, Faria avers that he slipped and fell on wet paint located just outside the doors in the Home Depot parking lot; he stated in his deposition that he fell so hard that another customer ran over to check on him. (Doc. 26 at 2; Doc. 29-2 at 19.) Faria testified that after his left foot slipped out from under him, he fell on his back and remained on the ground for approximately thirty seconds, lying flat on his back the entire time. (Doc. 26 at 3; Doc. 29-2 at 25–26.) Faria testified that the impact of the fall was so hard that multiple "discs in [his] back were completely broken." (Doc. 29-2 at 36.)

In contrast to Faria's testimony, Closed Circuit Television (CCTV) footage from Home Depot, even when viewed in the light most favorable to Faria, clearly shows that he merely slipped or briefly lost his balance as he exited the Home Depot but that he never fell. (Doc. 26 at 6–7; Docs. 29-3–29.10.) After Faria lost his balance, the CCTV footage shows that he briefly bent forward and touched one hand to the surface of the parking lot before straightening back up and proceeding to walk to his vehicle. (*Id.*) The video footage indicates that the time between Faria's slip and when he walked to his car and drove away

2

was only a few seconds. (*Id.*) Notably absent was any fall to the ground, much less a hard landing on his back.

Faria further testified that an unknown customer assisted him in getting up from the ground after he allegedly fell and that he then walked to his vehicle where he sat for somewhere between five and twenty minutes and cried due to the severe pain that he was experiencing. (Doc. 26 at 9; Doc. 29-2 at 17, 19, 21.) Faria explained that he then returned to the store where he spoke with a Home Depot associate and two managers regarding the fall. (Doc. 26 at 10; Doc. 29-2 at 17–20.) In contrast to Faria's testimony, the CCTV footage merely shows Faria walking normally to his car immediately after the alleged fall and driving away within a few seconds. (Doc. 26; Doc. 29-6, Doc. 29-10.) There is no footage of him returning to the store, nor could one reenter the store absent being captured on the CCTV footage.

Summary judgment is appropriate if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A moving party is entitled to summary judgment when the nonmoving party "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotext Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant bears the initial burden of informing the Court of the basis

for its motion and identifying those parts of the record that show an absence of a genuine issue of fact. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When that burden is met, the burden shifts to the nonmovant to prove that there is a genuine issue of fact that precludes summary judgment. *Id.* The nonmoving party must "go beyond the pleadings" and point to evidence of a real issue for trial. *Celotex*, 477 U.S. at 324 (quotation omitted). "A mere 'scintilla' of evidence" does not suffice; "there must be enough of a showing that the jury could reasonably find for [the nonmovant]." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (quotation omitted). In reviewing the evidence, the Court draws all legitimate inferences in the nonmoving party's favor. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1263 (11th Cir. 2020).

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48. And—as is specifically relevant here—when "opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (adopting the version of the facts clearly supported by a videotape where the opposing party's version of the facts was "so utterly discredited" by the video evidence that "no reasonable jury could have believed

4

him"); *see also Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010) (emphasizing that courts determining the relevant set of facts at summary judgment should draw all inferences in favor of the nonmovant only "*to the extent supportable by the record*" (emphasis added) (quotation omitted)).

Home Depot is entitled to summary judgment on Faria's negligence claim against it because the CCTV footage "utterly discredit[s]" his testimony as to the key facts underlying his case. His entire negligence case rests on his allegation (and his subsequent testimony) that he suffered significant injuries after slipping and falling on paint in the parking lot as he was walking out of Home Depot on April 17, 2020. But the CCTV footage from the relevant time clearly shows that Faria did not fall, did not land on his back, and did not lie on the ground for thirty seconds in pain. (Doc. 29-3; Doc. 29-7.) It also does not show that anyone approached him to make sure he was okay or that he went back to his car and cried for five to twenty minutes before going back into the store to talk to the Home Depot employees. (*Id.*)

When viewed in the light most favorable to Faria, the CCTV footage at most shows that Faria slipped and possibly touched the ground with his hand briefly to steady himself before promptly walking to his car within seconds and driving away. (*Id.*) Here, Faria's testimony is so "blatantly contradicted" by the clear video evidence that "no reasonable jury could believe" Faria's version of the story. *Scott*, 550 U.S. at 380. Considering that the

CCTV footage clearly supports Home Depot's version of the story, Home Depot (the movant) has successfully carried its initial burden of showing no genuine dispute of material fact exists. *See Clark*, 929 F.2d at 608; *see also Bencosme v. Target Corp.*, 13-cv-61865, 2014 WL 1912344, at *3 (S.D. Fla. 2014) (Cohn, J.) (clear video evidence was sufficient to satisfy the movant's initial burden to show that no genuine factual dispute exists for summary judgment purposes). The burden then shifts back to Faria to prove that there is a genuine issue of fact that precludes summary judgment on his negligence claim. *See Clark*, 929 F.2d at 608. But given Faria's failure to respond to Home Depot's summary judgment motion, he has failed to carry his burden to prove a genuine issue of fact. Therefore, the Court grants summary judgment to Home Depot on Faria's negligence claim.[1]

  In the alternative, where a plaintiff fails to comply with a court order, a defendant may move to dismiss the action or any claim against it. Fed. R. Civ. P. 41(b). A district court may also dismiss an action sua sponte where a plaintiff fails to comply with a court order under the court's inherent authority to manage its own docket. *See Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). Here, had the Court not granted final judgment to Home Depot, Faria's failure to timely respond to the Court's

---

[1] The Court need not decide the merits of the Home Depot's Motion to Dismiss based on Faria's fraudulent conduct as the only remedy Home Depot sought was dismissal with prejudice, as opposed to another kind of sanction. Because the Court directs the Clerk to enter final judgment in Home Depot's favor, the Motion to Dismiss is now moot.

order to show cause would warrant dismissal of this action. *See World Thrust Films, Inc. v. Int'l Fam. Ent., Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995).

Accordingly, the following is **ORDERED**:

1. Defendant's motion for summary judgment (Doc. 27) is **GRANTED**.

2. Defendant's motion to dismiss (Doc. 28) is **DENIED** as moot.

3. The Clerk is **DIRECTED** to terminate any pending motions or deadlines, to enter judgment in favor of Defendant, and to close this case.

**ORDERED** in Tampa, Florida, on May 16, 2022.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge